UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| PATRICIA J. FRIESINGER, Chapter 7 Trustee for the Bankruptcy Estate of Natasha Hufford | : : : : |
| Plaintiff, | : Case No. 3:20-cv-22 : |
| | : Judge Thomas M. Rose : |
| v. | : Magistrate Judge Peter B. Silvain, Jr. : |
| JP MANAGEMENT GROUP, INC., *et al.* | : : |
| Defendant. | : |

**ENTRY AND ORDER DENYING, WITHOUT PREJUDICE, JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND FOR ENTRY AND ORDER OF DISMISSAL OF ALL CLAIMS WITH PREJUDICE (DOC. NO. 74)**

This case is before the Court on the Joint Motion for Approval of FLSA Settlement and for Entry and Order of Dismissal of All Claims With Prejudice (the "Motion") (Doc. No. 74).  Briefly, multiple plaintiffs brought the instant action against Defendants JP Management Group, Inc., and Joy Patrick (collectively "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), 42 U.S.C. § 1981, *et seq.*, and Ohio state law.  (Doc. No. 18.)  At this time, the only remaining plaintiff is Plaintiff Natasha Hufford ("Hufford").[1]  (*See* Doc. Nos. 63, 64, 65.)  Now, after "extensive negotiations" and a successful mediation, the Parties request that the Court approve their proposed settlement of Hufford's FLSA claim.  (Doc. No. 74 at PageID 605.)  The Parties appear to prioritize confidentiality, as their proposed settlement has been emailed to the Court rather than being filed on the Court's public docket.  (*Id.* at PageID 606.)

---

[1] Since instituting this action, Hufford has filed for Chapter 7 bankruptcy and the bankruptcy trustee, Patricia J. Friesinger, has been substituted as the plaintiff in her capacity as the representative of Hufford's bankruptcy estate. (Doc. Nos. 57 & 59.)  However, for all intents and purposes, the Court will reference Hufford as the plaintiff here.

1

Generally, "a stipulated judgment [may be] entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982.). "Although the Sixth Circuit has never definitively answered the question of whether court approval is required for FLSA settlement agreements, district courts in our Circuit regularly find that the FLSA context counsels in favor of courts approving settlements." *Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 964-65 (E.D. Mich. 2021) (collecting cases); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019) (acknowledging a circuit split regarding whether Supreme Court precedent requires "judicial approval of *all* FLSA settlements") (emphasis in original).

Nevertheless, the confidential nature of the Parties' proposed settlement here precludes the Court from considering whether the proposed settlement constitutes a fair and reasonable resolution of a bona fide dispute.  As a rule, "there exists a strong presumption in favor of open court records," and the party seeking to limit public disclosure of court records "bears a heavy burden to overturn this presumption." *Stanley v. Turner Oil & Gas Props., Inc.*, No 2:16-cv-386, 2017 U.S. Dist. LEXIS 223150, at *3, 2017 WL 5068444, at *1 (S.D. Ohio Jul. 24, 2017) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)).  The presumption in favor of open court records is particularly strong in FLSA cases because the purpose of FLSA litigation is to promote the rights of **all** employees.  *Stanley*, 2017 U.S. Dist. LEXIS 223150, at *6, 2017 WL 5068444, at *2 (internal citations omitted).  As such, courts in this Circuit have been loath to approve the settlement of FLSA claims where the terms are not publicly disclosed.  *See e.g.*, *Steele v. Staffmark Inv., LLC*, 172 F. Supp. 3d 1024, 1031 (W.D.

2

Tenn. 2016) ("this [c]ourt is unwilling to approve a settlement or dismissal of FLSA claims where the terms of the settlement are not available to the public").

Presently, the Parties have not submitted their proposed settlement of Hufford's FLSA claim on the Court's public docket. Moreover, the Motion does not include a memorandum of law explaining the need for the terms of the proposed settlement to remain confidential. As explained above, the public presumptively has a staunch interest in accessing the terms of FLSA settlements such as the one currently before the Court. Though the Parties appear to value confidentiality, they have not provided sufficient justification to overcome the presumption in favor of public access. At a minimum, the Parties' proposed settlement agreement should accompany the request for the Court's approval on the docket. Any additional material need for confidentiality should be fully explained by a memorandum of law in support of the Parties' motion, in accordance with S.D. Ohio L.R. 7.2(a). Ultimately, the Court cannot consider whether the Parties' proposed settlement is a fair and reasonable resolution of a bona fide dispute in its current posture.

Accordingly, for the reasons stated above, the Court finds the following:

1. The Joint Motion for Approval of FLSA Settlement and for Entry and Order of Dismissal of All Claims With Prejudice (Doc. No. 74) is **DENIED WITHOUT PREJUDICE** to refiling consistent with this order.

2. The Parties are hereby **ORDERED** to file a status report or a renewed joint motion for settlement approval consistent with this order, within **thirty (30) days** of this entry.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, February 14, 2024.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

3